IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. _____

| | |
|---|---|
| GRACE COLLINS JOHNSON<br>in her individual capacity, and as the<br>Administrator of the Estate of John<br>Ray Johnson, Deceased,<br><br>PLAINTIFF,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>DEFENDANT. | COMPLAINT<br>FOR DAMAGES UNDER THE<br>FEDERAL TORT CLAIMS ACT |

COMES NOW Grace Collins Johnson, the Plaintiff ("Plaintiff") herein by and through counsel, and respectfully submits this Complaint against the United States of America ("Defendant"), and alleges and says the following:

**I.
INTRODUCTION**

1. This is an action against the Defendant, United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671, *et seq.* and 28 U.S. C. 1346(b)(1), *United States as Defendant,* for the negligence and professional medical malpractice in connection with medical care provided to John Ray Johnson, the deceased husband of the Plaintiff, by the Department of Veteran's Affairs Medical Centers in Durham, North Carolina, and Fayetteville, North Carolina, for money damages as compensation for the death of Plaintiff's husband, John Ray Johnson, for damages incurred and for Plaintiff's loss of consortium of her deceased husband.

1

2. Plaintiff, Grace Collins Johnson has fully complied with the provisions of 28 U.S.C. 2675 of the Federal Tort Claims Act as evidenced by **Exhibits 1 and 2**, attached hereto and incorporated herein by reference as if fully set forth herein.

3. Plaintiff has been duly appointed as the Administrator of the Estate of John Ray Johnson by the Clerk of the Superior Court of Harnett County, as evidenced by **Exhibit 3**, attached hereto and incorporated herein by reference as if fully set forth herein.

4. Plaintiff's Federal Tort Claim was denied by Defendant on 1 October 2014, as evidenced by **Exhibit 4**, attached hereto and incorporated herein by reference as if fully set forth herein.

## II.
## PARTIES, JURISDICTION AND VENUE

5. Plaintiff Grace Johnson is, and at all times relevant hereto, a citizen and resident of Harnett County, North Carolina, within the Federal Eastern District, Western Division of North Carolina.

6. Defendant United States of America, including its directors, officers, operators, administrators and health care providers at the Durham, North Carolina and Fayetteville, North Carolina Medical Centers, hereinafter are referred to as "DVAMC" and "FVAMC" respectively.

7. The DVAMC and FVAMC are located within the Federal Eastern Division, Western District of North Carolina.

8. Jurisdiction of the Court is proper under 28 U.S.C. 1346(b)(1).

9. Venue is proper under 28 U.S.C. 1402(b) in that all or a substantial part of the acts and omissions forming the basis of this Complaint occurred within the Eastern District of North Carolina.

### III.
### THE CLAIM OF THE ESTATE OF JOHN RAY JOHNSON

10. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 9, above.

11. The Defendant, by and through its medical care providers at DVAMC and FVAMC breached its duty of medical care to Plaintiff as described in detail below.

12. At all times relevant to this Complaint, the health care providers who attended to John Ray Johnson at DVAMC and FVAMC were employed by and acted on behalf of Defendant.

13. At all times relevant to this Complaint, the medical care providers at DVAMC and FVAMC who attended to John Ray Johnson were acting within their respective capacities and scope of their employment for Defendant.

14. At all times relevant to this Complaint, John Ray Johnson was a discharged veteran of the United States Armed Forces and qualified and eligible for medical care from the United States Department of Veteran's Affairs, the defendant herein.

15. John Ray Johnson was being seen at DVAMC and FVAMC as an out-patient for chest pain and heart related medical conditions with an onset of approximately 2007.

16. In January 2008, John Ray Johnson's cardiac stress test at FVAMC was found to be significant for ischemic ST changes and by 14 April 2011, he returned to the Emergency Department of FVAMC with complaints of vomiting and chest pain

described as 8/10 and on that same day was given an electrocardiogram (ECG) at the FVAMC which was interpreted by his health care providers as normal and John Ray Johnson was discharged the same day.

17. On 16 May 2011, John Ray Johnson and Plaintiff traveled to Durham, North Carolina, in order for John Ray Johnson to be seen in the Emergency Department at DVAMC for his continuing severe chest pain, heavy sweating, nausea, vomiting, and difficulty breathing.

18. On 16 May 2011, while at DVAMC, John Ray Johnson was given an ECG which was interpreted as abnormal with sinus bradycardia and T-wave inversions suggestive of a cardiovascular disorder and other signs of an abnormal heart condition.

19. On this same presentation, John Ray Johnson and Plaintiff requested Mr. Johnson be admitted to DVAMC for care, treatment, and monitoring of his abnormal heart condition, but their requests were denied.

20. John Ray Johnson and Plaintiff returned to their home in Harnett County, North Carolina, and shortly thereafter, Mr. Johnson began experiencing similar heart related symptoms.

21. On or about 23 May 2011, John Ray Johnson, accompanied by Plaintiff, returned to the Emergency Department of FVAMC with worsening symptoms of chest pain and on this occasion, while in the FVAMC Emergency Department, John Ray Johnson was administered nitroglycerin for pain management and discharged to his home.

22. At or about 11:00 a.m. on 29 May 2011, while in his home with Plaintiff, John Ray Johnson began to experience severe chest pain and fell to the floor, at which time

4

Plaintiff called for emergency medical services by dialing 911 and began administering cardiopulmonary resuscitation (CPR) to her husband.

23. John Ray Johnson died before emergency personnel could arrive and his principle cause of death was "Ischemic Heart Disease" as recorded on his Death Certificate. A true and correct copy of the Death Certificate is attached hereto and incorporated herein by reference as **Exhibit 5**.

24. Following John Ray Johnson's abnormal ECG at DVAMC, he should have been admitted to DVAMC or FVAMC for close cardiac monitoring, care, and treatment for his cardiac disease.

25. Failing to do so by the health care providers at DVAMC was a deviation from the applicable standard of medical care and caused, or contributed to, John Ray Johnson's death on 29 May 2011.

26. Following John Ray Johnson's presentation to FVAMC on or about 26 May 2011, as described above, he should have been admitted o FVAMC for close cardiac monitoring, care and treatment of his cardiac disease.

27. Failing to do so by the health care providers at FVAMC, was a deviation from the applicable standard of medical care and caused, or contributed to the death of John Ray Johnson on 29 May 2011.

28. As a result of the medical negligence of Defendant's health care providers, John Ray Johnson suffered great pain and suffering prior to his untimely death on 29 May 2011.

29. The Estate of John Ray Johnson has incurred death and funeral related expenses.

30. The acts and/or omissions set forth above would constitute a viable claim under the laws of the State of North Carolina.

## IV.
## CLAIM OF THE PLAINTIFF, GRACE COLLINS JOHNSON
## FOR LOSS OF CONSORTIUM

31. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 30, above.

32. Plaintiff, Grace Collins Johnson is the surviving spouse of the deceased, John Ray Johnson.

33. Prior to the death of John Ray Johnson, he and the Plaintiff were married and living together as husband and wife in Harnett County, North Carolina, and had been so married for over thirty (30) years.

34. At all times throughout the marriage between Plaintiff and John Ray Johnson, they lived in harmony and enjoyed the companionship, love and affection of each other as husband and wife.

35. Prior to, and at the time of the death of John Ray Johnson, Plaintiff was partially disabled and dependent on the support and assistance of her husband in managing her normal activities of daily living.

36. As a direct result of the death of her husband, John Ray Johnson, Plaintiff has lost the conjugal fellowship of her husband and the right to the company, affection, aid, care and love of her deceased husband.

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray this Court for the following relief:

1. For the Estate of John Ray Johnson, medical expenses, lost wages and income, and pain and suffering totaling in the amount of $250,000.00; and

2. For Plaintiff, Grace Collins Johnson, her loss of consortium, the sum of $250,000.00; and

3. For all costs and attorney's fees incurred in this civil action, together with such other further and additional relief at law or in equity that this Court may deem fit and proper.

Respectfully submitted this the 5th day of March 2015.

HUTCHENS LAW FIRM

BY: /s/: Joseph J. Vonnegut
JOSEPH J. VONNEGUT
4317 Ramsey Street
Post Office Box 2505
Fayetteville, North Carolina 28302
(910) 864-6888
(910) 864-6177 *fax*
joe.vonnegut@hskplaw.com
State Bar No.: 32974
**Attorney for GRACE COLLINS JOHNSON in her individual capacity, and as the Administrator of the Estate of John Ray Johnson, Deceased**

7

## VERIFICATION

Now comes, Mrs. Grace Collins Johnson and by her signature below, hereby verifies that the facts alleged above are true and correct to the best of her knowledge and belief. This the _____ day of February 2015.

*Grace Johnson*
Grace Collins Johnson

## NOTARY

Sworn to (or affirmed) and subscribed before me this the 26th day of February 20 15.

(OFFICIAL SEAL)

*Jennifer Trapp*
Official Signature of Notary

Jennifer Trapp
Notary's printed or typed name

My commission expires: 9/19/2018

8