IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CV-84-BO

| | |
|---|---|
| GRACE COLLINS JOHNSON, INDIVIDUALLY, AND AS THE ADMINISTRATOR OF THE ESTATE OF JOHN R. JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ORDER |

This matter is before the Court on defendant's motion to dismiss [DE 11]. For the following reasons, defendant's motion is denied and plaintiff is directed to amend the complaint.

BACKGROUND

In April and May 2011, plaintiff's husband, John R. Johnson, reported twice to the Fayetteville Veterans Affairs Medical Center (FVAMC) and once to the Durham Veterans Affairs Medical Center (DVAMC) complaining of chest pains. On the first visit—to FVAMC—an electrocardiogram (ECG) was administered and pronounced normal. On the second visit—to DVAMC—another ECG was administered and pronounced abnormal. On the third visit—back to FVAMC—nitroglycerin was administered for pain. Each time, Mr. Johnson was discharged the same day. On May 29, 2011, about one week after his most recent visit to FVAMC, Mr. Johnson died at his home. His cause of death was ischemic heart disease.

On March 5, 2015, plaintiff—Mr. Johnson's wife—filed the instant matter as administrator of Mr. Johnson's estate and on her own behalf. Plaintiff asserted two claims pursuant to the Federal Tort Claims Act. 28 U.S.C. 2671, *et seq*. First, plaintiff alleges "medical

negligence" deviating from the applicable standard of care and contributing to her husband's death. Second, plaintiff alleges loss of consortium as a result of her husband's death. Plaintiff seeks damages in the amount of $250,000.00 for each claim. In response, defendant filed the instant motion to dismiss both claims.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a matter if it fails "to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir.2009). The court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). When acting on the motion, the Court is to "view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993).

Here, the allegations in plaintiff's complaint are sufficient to state a claim for relief. For the first claim, plaintiff has detailed each interaction with defendants and how those interactions allegedly violated the applicable standard of care and contributed to her husband's death. Plaintiff has also provided the expert opinions required by North Carolina law. *See* N.C.G.S. § 1A-1, Rule 9(j). For the second claim, plaintiff has provided information about the nature of the marriage and consequences of her husband's death. Therefore, accepting all plaintiff's facts as true and viewing the complaint in a favorable light, plaintiff has plead sufficient facts to state claims on which relief may be granted, and the Rule 12(b)(6) motion must fail.

2

However, there are two areas in which plaintiff's complaint would benefit from amendment. Federal Rule of Civil Procedure 15 requires that leave to amend a pleading be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Plaintiff is given leave to amend the complaint to include the opinions of the medical expert(s) on the treatment her husband received at the FVAMC, as the current opinions only discuss treatment at the DVAMC. Plaintiff is also instructed that the first claim requires additional specificity. As it stands, plaintiff's claim as administrator of her husband's estate could be fairly interpreted as a medical malpractice claim or a wrongful death claim. Plaintiff is directed to clarify the grounds on which she seeks relief, as it may affect the disposition of her second claim.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 11] is DENIED. Plaintiff is DIRECTED to amend the complaint by November 8, 2015.

SO ORDERED, this 8 day of October, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE